IN THE UNITED STATES DISTRICT COURT
FOR THE DISTRICT OF NEBRASKA

| | |
|---|---|
| C.T. PERRY EL BEY, <br><br> Plaintiff, <br><br> v. <br><br> JUDGE PETER BATAILLON, STEVE CORSI, Chief Executive Officer of Department of Health and Human Services; JAMES R. KAMM, Tax Commissioner; DAVID KILGORE, Director of CSSD; and ANTONIO VAZQUEZ, Tax Commissioner, <br><br> Defendants. | 8:24CV32 <br><br> MEMORANDUM AND ORDER |

Plaintiff C.T. Perry El Bey, a non-prisoner, filed a Complaint (Filing No. 1) on January 29, 2024, and was given leave to proceed in forma pauperis (Filing No. 8). The Court now conducts an initial review of plaintiff's claims to determine whether summary dismissal is appropriate under 28 U.S.C. § 1915(e)(2).

I.    SUMMARY OF COMPLAINT

Plaintiff, who describes himself as "an American National but not a Citizen of the United States" and "a free inhabitant of Douglas County, State of Nebraska," brings this civil rights action against Douglas County District Court Judge Peter C. Bataillon ("Judge Bataillon"); Steve Corsi ("Corsi"), the Chief Executive Officer for the Nebraska Department of Health and Human Services; State of Nebraska Tax Commissioner Jim Kamm ("Kamm"); David Kilgore ("Kilgore"), the "Director of CSSD"; and Antonio Vazquez ("Vazquez"), the Tax Commissioner for the Third District for the State of California, all in their individual capacities (collectively "Defendants"). (Filing No. 1 at 1–2, 8.) Plaintiff's Complaint consists almost entirely of legal conclusions and citations to various legal authorities. The only facts plaintiff alleges in his Complaint are that separate

orders for support for two different minor children were entered, respectively, on September 11, 2008, in the District Court of Douglas County, Nebraska, and on February 18, 2015, in the Superior Court of Los Angeles, California. (Filing No. 1 at 2.) Plaintiff claims these orders violate both the Nebraska and California constitutional provisions against slavery, and defendants violated their oaths "to support and defend Plaintiff's unalienable rights protected by the Nebraska Constitution and Constitution of California when or where they claim to have jurisdiction over or official duties with the Plaintiff." (Filing No. 1 at 2, 7.) Plaintiff further alleges that Corsi, Kamm, Vazquez, and Kilgore "threatened Plaintiff with deprivation of Liberty and property without due process of Law by taking Plaintiff['s] wages, which is slavery and denying Plaintiff the right to travel by putting measures in the way of obtaining a passport." (Filing No. 1 at 6.)

Liberally construed, plaintiff also appears to assert claims under the Fourth, Fifth, Sixth, and Seventh Amendments because "the I.R.S. and State" have searched and seized his "property (i.e., [his] income from [his] labor)," taken his property without due process or for public use without just compensation, failed to provide him the rights guaranteed by the Sixth Amendment before taking his "income wages and labor," and failed to sue him "under a common law action with the rules of common law." (Filing No. 1 at 6.) Plaintiff also states:

> Plaintiff did not consent to being Taxed by The U.S. Or the I.R.S. Or the State of Nebraska or State of California or any other State especially since this was done when I was a baby, when contracts like, the birth certificate was done and social security number was issued in the above mention name, which would have put me under legal disability to contract, and under slavery and corruption of the blood, since that would be taking part of my labor making under slavery peonage and not capable of such a contract, as the above mention 1875 Nebraska Constitution and Constitution of California 1879 said.

(Filing No. 1 at 3.)

Plaintiff claims defendants' "overt act of conspiracy to refuse to protect Plaintiff" caused him "mental and physical suffering, insomnia, worry, financial insecurity, stress and strain in relationships, . . . [and] ha[s] impaired Plaintiff's credit standing," as well as "subjected him to public ridicule and embarrassment." (Filing No. 1 at 7.) As relief, plaintiff seeks $5,000,000 in general damages and $5,000,000 in punitive damages.

## II. STANDARD OF REVIEW

The Court is required to review in forma pauperis complaints to determine whether summary dismissal is appropriate. *See* 28 U.S.C. § 1915(e). The Court must dismiss a complaint or any portion of it that states a frivolous or malicious claim, that fails to state a claim upon which relief may be granted, or that seeks monetary relief from a defendant who is immune from such relief. 28 U.S.C. § 1915(e)(2)(B).

Pro se plaintiffs must set forth enough factual allegations to "nudge[] their claims across the line from conceivable to plausible," or "their complaint must be dismissed." *Bell Atlantic Corp. v. Twombly*, 550 U.S. 544, 569-70 (2007); *see also Ashcroft v. Iqbal*, 556 U.S. 662, 678 (2009) ("A claim has facial plausibility when the plaintiff pleads factual content that allows the court to draw the reasonable inference that the defendant is liable for the misconduct alleged.").

"The essential function of a complaint under the Federal Rules of Civil Procedure is to give the opposing party 'fair notice of the nature and basis or grounds for a claim, and a general indication of the type of litigation involved.'" *Topchian v. JPMorgan Chase Bank, N.A.*, 760 F.3d 843, 848 (8th Cir. 2014) (quoting *Hopkins v. Saunders*, 199 F.3d 968, 973 (8th Cir. 1999)). However, "[a] pro se complaint must be liberally construed, and pro se litigants are held to a lesser pleading standard than other parties." *Topchian*, 760 F.3d at 849 (internal quotation marks and citations omitted).

3

### III.   DISCUSSION

Federal Rule of Civil Procedure 8 requires that every complaint contain "a short and plain statement of the claim showing that the pleader is entitled to relief" and that "each allegation . . . be simple, concise, and direct." Fed. R. Civ. P. 8(a)(2), (d)(1). A complaint must state enough to "'give the defendant fair notice of what the . . . claim is and the grounds upon which it rests.'" *Erickson v. Pardus*, 551 U.S. 89, 93 (2007) (quoting *Twombly*, 550 U.S. at 555). While complaints filed by pro se litigants are held to less stringent standards than those applied to formal pleadings drafted by lawyers, *see Haines v. Kerner*, 404 U.S. 519, 520 (1972), even pro se litigants must comply with the Federal Rules of Civil Procedure. Here, plaintiff's Complaint fails to meet this minimal pleading standard as nowhere in the Complaint does plaintiff set forth a short and plain statement of what he claims entitles him to relief.

As an initial matter, plaintiff does not allege, with any specificity, what any of the defendants did to violate his rights. Rather, plaintiff alleges in conclusory fashion that defendants violated their oaths, denied him due process by taking his wages, and denied his right to travel by making it hard for him to obtain a passport. However, plaintiff must allege facts about the role of each named defendant in this case, in order that each specific defendant can receive notice of what he or she is accused of doing. *Topchian*, 760 F.3d at 848 (stating that the essential function of a complaint "is to give the opposing party fair notice of the nature and basis or grounds for a claim" (internal quotation marks omitted)). Plaintiff's Complaint fails to make specific allegations against any named defendant and therefore, does not comply with the Federal Rules.

Furthermore, it is not enough for plaintiff to make general accusations of "conspiracy," "deprivation[s] of Liberty and property without due process of Law," "violation[s] of Oath[s] of Office," and improper search and seizure unless he provides factual support for each of these claims against each named defendant. (Filing No. 1 at 6–7.) Because plaintiff does not specify what each defendant did to harm him, the Court cannot decipher any plausible claims from the pleadings. See *Stone v. Harry*, 364 F.3d

4

912, 914 (8th Cir. 2004) ("Though pro se complaints are to be construed liberally, they still must allege sufficient facts to support the claims advanced." (internal citation omitted)); *Dunn v. White*, 880 F.2d 1188, 1197 (10th Cir. 1989) ("[W]e will not supply additional facts, nor will we construct a legal theory for plaintiff that assumes facts that have not been pleaded").

Finally, the premise of all of plaintiff's claims—that he is "an American National but not a Citizen of the United States" and "a free inhabitant of Douglas County, State of Nebraska" who did not consent to and is not subject to any "imposition, duties or restriction . . . by any State . . . [or the] United States" (Filing No. 1 at 1, 3, 5)—has been repeatedly rejected as frivolous. *United States v. Simonson*, 563 F. App'x 514 (8th Cir. 2014) (characterizing as frivolous defendants' argument on criminal appeal that district court lacked jurisdiction to convict and sentence defendants because defendants were "special, sovereign citizens" to whom invalid federal statutes did not apply and because only "international jurisdiction" existed); *United States v. Hart*, 701 F.2d 749, 750 (8th Cir. 1983) (argument that district court lacked jurisdiction over sovereign citizen who filed "common law liens" and "Sheriff's Posse Comitatus Common-law Great Charter"—a writing stating that the federal, state, county, and city governments were acting unconstitutionally—was frivolous); *Hansen v. Nebraska*, No. 8:20CV203, 2020 WL 3100101, at *2 (D. Neb. June 11, 2020) (premise of plaintiff's claims that he is not subject to state law or authority has been repeatedly rejected as frivolous; collecting cases); *Yisrael-Bey v. O'Toole*, No. 4:17-CV-2631, 2018 WL 10425462, at *1 (E.D. Mo. Feb. 5, 2018) (plaintiff's Fourth Amendment false arrest and false imprisonment claims were frivolous when plaintiff claimed that neither state nor federal government had ability to bring criminal charges against her; "Arguments based on the 'sovereign citizen' or 'private citizen' movement cannot establish subject matter jurisdiction in this action under the Fourth Amendment."); *Formanack v. Stillwater Towing Inc.*, No. CV 17-3822 (PAM/BRT), 2018 WL 1512293, at *1 n.1 (D. Minn. Jan. 17, 2018) (citing cases describing sovereign citizen as one who considers himself to be his own sovereign—not a United States

5

citizen—and who believes he is not subject to government authority); *Sochia v. Fed.-Republic's Cent. Gov't*, No. CIVA SA06CA 1006 XR, 2006 WL 3372509, at *5 (W.D. Tex. Nov. 20, 2006), *amended in irrelevant part*, No. CIV.A. SA-06-CA-1006, 2006 WL 3435469 (W.D. Tex. Nov. 28, 2006) ("Claims that individuals are not citizens of the United States but are solely citizens of a sovereign state and not subject to federal taxation have been uniformly rejected by the courts.").

Accordingly, plaintiff's Complaint will be dismissed as frivolous. *See Denton v. Hernandez*, 504 U.S. 25, 32–34 (1992) (court may dismiss complaint of plaintiff proceeding in forma pauperis as frivolous); *Jones v. Norris*, 310 F.3d 610, 612 (8th Cir. 2002) (dismissing complaint as frivolous and stating that "[a] complaint is frivolous when it lacks an arguable basis in either law or fact" (citing *Neitzke v. Williams*, 490 U.S. 319, 325 (1989))). Plaintiff will not be granted leave to amend his Complaint because the Court finds such amendment would be futile. *See Silva v. Metro. Life Ins. Co.*, 762 F.3d 711, 719–20 (8th Cir. 2014) (district courts can deny motions to amend when such amendments would be futile, such as claims that are frivolous or could not withstand a 12(b)(6) motion to dismiss); *Reuter v. Jax Ltd., Inc.*, 711 F.3d 918, 922 (8th Cir. 2013) ("frivolous claims are futile").

IT IS THEREFORE ORDERED:

1. This matter is dismissed without prejudice for failure to state a claim and as frivolous.

2. Judgment shall be entered by separate document.

Dated this 27th day of November 2024.

BY THE COURT:

*Robert F. Rossiter, Jr.*

Robert F. Rossiter, Jr.
Chief United States District Judge